**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO DE JESUS RIVERA GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>DHS/OPLA,<br><br>Respondent. | **CASE NO.** 5:26-CV-04030-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

On July 20, 2026, Petitioner Antonio De Jesus Rivera Gomez ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id*.) The Petition names as Respondent DHS/OPLA ("Respondent"). (*Id*. at 1.[1]) On July 27, 2026, Respondent filed an Answer to the Petition. (Ans., ECF No. 6.) On August 13,

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

2026, Petitioner filed his Reply. (Rep., ECF No. 10.) For the reasons set forth below, the Court GRANTS the Petition and ENJOINS Respondent from continuing to detain Petitioner unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge at which Respondent bears the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.

## II. BACKGROUND

Petitioner was born in Mexico in 1994. (*See* Pet. 25, 30.) The Petition[2] alleges that Petitioner came to the United States in 2000 when he was a child. (*Id.* at 8; *see also id.* at 15, 35.) He is the father of four sons who are United States citizens. (*Id.* at 8, 31–34.) A decision to deport Petitioner was issued on June 23, 2026, and Petitioner appealed that decision on July 8, 2026. (*Id.* at 2.) The appeal is pending. (*Id.*) Petitioner has appeared for every court date, is committed to returning home to support his sons, and is not a flight risk. (*Id.* at 6–8.) He has the support of several family members, friends, and members of the community, and he submits their letters of support. (*Id.* at 11–12, 14, 17, 29.)

The Answer neither disputes these allegations nor provides additional facts or exhibits. (*See generally* Ans.)

## III. DISCUSSION

It its Answer, Respondent concedes that Petitioner appears to be a member of the Bond Eligible Class certified in the case of *Maldonado Bautista v. Santacruz*,

---

[2] The Petition attaches several documents including letters of support, various immigration documents, Petitioner's Mexican birth certificate, Petitioner's children's United States birth certificates, and what appears to be information regarding Petitioner's taxes, education, and a car accident he was in shortly before being detained. (Pet. 10–35.)

813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), *judgment entered*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (Ans. 2–3.) Respondent acknowledges that, despite subsequent procedural developments in the appeal of the *Maldonado Bautista* case, the judgment entered in that case on December 18, 2025 "remains in place as to the Central District of California." (*Id.* at 2.) Respondent further "acknowledges that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (*Id.* at 2–3.) Respondent asserts that, "[w]hile Petitioner seeks release, to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (*Id.* at 2.) Respondent does not argue that, despite being a member of the *Maldonado Bautista* class, Petitioner should not receive, or is not entitled to receive, a bond hearing. (*See generally* Ans.)

In his Reply, Petitioner agrees that he is a member of the Bond Eligible Class certified in *Maldonado Bautista* and also states that he is entitled to relief "in the case of *Rodriguez Vazquez v. Bostock*, Ninth Circuit No. 25-6842." (Rep. 1.) He requests that he either be released or that "his Request to have his Hearing on his Immigration Bond [be] heard before the Immigration Judge as soon as possible." (*Id.* at 2.)

Whether or not Petitioner is a member of the class certified in the *Maldonado Bautista* case, after the Answer in this case was filed, the Ninth Circuit decided the question at issue in that case, and held that noncitizens like Petitioner, who are "present without admission [and] who are apprehended in the interior of the United States[,] are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Thus, it is now clear that, on the record before the Court, Petitioner's detention is governed by 8 U.S.C. § 1226(a), and that Petitioner is therefore entitled to "extensive procedural protections that are unavailable under

other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). The Court notes that the Petition requests immediate release from custody. (Pet. 7.) However, the appropriate remedy at this stage "is an order requiring an individualized bond hearing be held" before an immigration judge within seven days. *Flores Arroyo v. Mullin*, No. 5:26-CV-04263-KES, 2026 WL 2337883, at *1 (C.D. Cal. Aug. 12, 2026). Accordingly, the Court finds that Respondent must release Petitioner unless he is provided with a bond hearing within seven days.

Finally, consistent with many other recent decisions confirming that Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, *see, e.g.*, *Melchor-Melchor v. Noem*, No. 5:26-CV-00766-SSS-BFM, 2026 WL 760058, at *1 (C.D. Cal. Mar. 16, 2026) (ordering petitioner's immediate release after court-ordered bond hearing because it was "clear that the IJ did not hold Respondents to a clear and convincing burden" at that hearing), the Court directs that Plaintiff be provided with an individualized bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public. The Court notes that questions regarding the appropriate standard of proof to be applied at such a hearing, or which party should bear the burden of proof, were not presented to the *Rodriguez Vazquez* court, and thus were not squarely addressed by that decision. *See* Appellants' Opening Br., STATEMENT OF THE ISSUES, *Rodriguez Vazquez v. Hermosillo*, 2025 WL

4666320, at *4 (9th Cir. Dec. 22, 2025) (listing one issue: "Whether 8 U.S.C. § 1225(b)(2)(A) applies to all aliens who are present in the United States without admission pending their removal proceedings and requires that they be detained pending removal proceedings, regardless of how long they have been present in the United States or how far into the country they are apprehended."); Appellee's Answering Br., STATEMENT OF ISSUE PRESENTED, *Rodriguez Vazquez v. Hermosillo*, No. 25-6842 (9th Cir. Jan. 21, 2026), Dkt. No. 24 ("Whether noncitizens who enter the United States without admission or parole, but are later arrested after residing in the United States, are subject to 8 U.S.C. § 1226(a)'s default detention authority applicable to those already present in the country, or instead are subject to § 1225(b)(2)(A)'s detention authority governing individuals seeking admission."); *see generally Rodriguez Vazquez*, 2026 WL 2196424. Accordingly, the *Rodriguez Vazquez* decision has not altered the analysis governing either the burden or the appropriate standard that should apply in bond hearings under 8 U.S.C. § 1226(a).

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED;
2. Respondents are ENJOINED from continuing to **detain Petitioner Antonio De Jesus Rivera Gomez (A 204-735-125)** unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge at which Respondent bears the burden of showing by clear and convincing evidence that Petitioner poses a fight risk or danger to the public; and
3. Respondent must file a status report within fourteen (14) days of the date of this Order, which must discuss the results of any bond hearing held and address the question of whether the remainder of the Petition has been

rendered moot; if Petitioner is not released from custody, Respondents must attach a copy of the transcript of the bond hearing to this status report.

DATED: August 19, 2026

HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE